**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


**IVAN HARVEY,**

      **Plaintiff,**

**vs.**                                                    **CASE NO. 5:08cv339-RH/AK**

**ART TEAL,**

      **Defendant.**

_____/


**O R D E R**

      Plaintiff, an inmate proceeding *pro se*, has moved to file an amended complaint

(doc. 10), which is **GRANTED NUNC PRO TUNC**, as the amended pleading was filed

on the same date.  (Doc. 11).  The pleading has been reviewed as is required by 28

U.S.C. § 1915A and is deemed sufficient to alert Defendant to the nature and basis of

Plaintiff's claims **with the following exception: if Plaintiff will delete his claim**

**against Warden Reddish he may file a second amended complaint and submit a**

**service copy with it for service upon Defendant Art Teal only.**  Supervisory

personnel cannot be held vicariously liable for the actions of their subordinates, but may

be independently liable if a reasonable person in the supervisor's position would have

known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was

causally related to the subordinate's constitutional violation.  Greason v. Kemp, 891

F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th

Cir. 1993).  Plaintiff's claims against Warden Reddish appear to be based on his "responsibility" for his subordinates and not on any independent knowledge of the events at issue or upon any specific acts or omissions committed by Defendant Reddish in relation to the assault allegedly committed by Defendant Teal.

Plaintiff has also filed another motion for leave to proceed (doc. 12), which is **DEEMED MOOT**.  Leave has already been granted and a partial filing fee paid.  (See Docs. 4 and 9).

Finally, Plaintiff seeks appointment of counsel.  (Doc. 13).  At this time, he has not shown exceptional circumstances warranting appointment of counsel, and the motion is **DENIED.**  He has adequately stated his claims against Defendant Teal as to go forward with service and these claims are neither novel nor complex.  See Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990) (appointment of counsel in a 1983 suit is not a right, it is a privilege and is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner).

Accordingly, it is

**ORDERED**:

1.  Plaintiff shall have until **February 23, 2009**, to provide the Court with a second amended complaint deleting the claim against Warden Reddish and one (1) service copy for service on Defendant Teal.

2.  **Failure to comply with this Order will result in a recommendation of the dismissal of this action.**

3.  Plaintiff's Motion to Amend (doc. 10) is **GRANTED NUNC PRO TUNC**.

4.  Plaintiff's Motion for Leave to Proceed IFP (doc. 12) is **DEEMED MOOT**.

5.  Plaintiff's Motion to Appoint Counsel (doc. 13) is **DENIED**.

**DONE AND ORDERED** this 23rd day of January, 2009.


  S/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**