**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

IVAN HARVEY,

       Plaintiff,

v.                                   CASE NO.  5:08cv339-RH/AK

ART TEAL,

       Defendant.

_____/

## ORDER FOR DISMISSAL

      This is an excessive-force case brought by a prisoner.  The plaintiff alleges that the defendant corrections officer beat him up without provocation.  The defendant has moved for summary judgment.

      The case is before the court on the magistrate judge's report and recommendation (document 106) and the objections (document 107).  The recommendation is that summary judgment be granted on the ground that the plaintiff has failed to establish an Eighth Amendment violation.  Upon *de novo* review, I agree that judgment should be entered in the defendant's favor, but for a different reason: the plaintiff's claim is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

## I

The plaintiff Ivan Harvey is an inmate at the Holmes County Correctional Institution.  On April 29, 2008, Mr. Harvey was instructed to report to the center gate of the prison.  When he arrived, the defendant Art Teal, a correctional officer, told him he was being charged with a disciplinary infraction.  Officer Teal handcuffed Mr. Harvey, and the two began walking to the health building so Mr. Harvey could get a pre-confinement evaluation.  At this point, the parties' stories diverge.

Officer Teal says that while they were walking, Mr. Harvey became belligerent and yelled, "I ain't going to confinement!  You can C.M. me!  Fuck you!"  Officer Teal says he told Mr. Harvey to stop being unruly, but to no avail. Mr. Harvey hit Officer Teal—once with his elbow and once with his walking cane. Officer Teal eventually was able to subdue Mr. Harvey, place him on the ground, and summon assistance.

Mr. Harvey's story differs markedly from Officer Teal's.  Mr. Harvey's story is drawn from his sworn *pro se* complaint.  *See* Compl. (document 21) at 12; *see also Sammons v. Taylor*, 967 F.2d 1533, 1545 n.5 (11th Cir. 1992) (indicating that facts pled in an inmate's sworn complaint must be considered on summary judgment) (citing *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986)).  Mr. Harvey says that while walking towards the health building, he accused Officer

Teal of fabricating the disciplinary charge, and Officer Teal responded, "Just shut the fuck up and walk. Fuck you, Harvey." When Mr. Harvey suggested that Officer Teal had himself committed an infraction by using abusive language toward an inmate, Officer Teal reacted by "forcefully grabbing" Mr. Harvey and slamming him against a brick wall. Dazed from the impact, Mr. Harvey dropped his walking cane. Officer Teal then punched him "with extreme force directly in the chest." As Mr. Harvey "folded inward from the blow," Officer Teal "slammed [him] to the ground with force." Mr. Harvey curled into the fetal position to cover the most vulnerable parts of his body (though he could not fully defend himself because of the handcuffs). While on the ground, Officer Teal kicked Mr. Harvey repeatedly. Eventually, other officers arrived on the scene and Officer Teal stopped. In short, Mr. Harvey says he never hit Officer Teal and that he was attacked for no reason. *See* Compl. (document 21) at 12; *see also* Pl.'s Resp. Def.'s Mot. Summ. J. (document 91) at 2, 16-17; document 107 at 3.

Mr. Harvey was charged with aggravated battery on a corrections officer. During the investigation of the charge, Mr. Harvey denied hitting Officer Teal and maintained that Officer Teal beat him up without provocation. The prison's disciplinary board credited Officer Teal's version of the events. It found that Officer Teal never hit Mr. Harvey and that Mr. Harvey hit Officer Teal twice—once with his elbow and once with his walking cane. *See* Document 35, ex. J; *see also*

Document 35, ex. O (noting that Mr. Harvey sustained no injuries following the incident).  Mr. Harvey thus was found guilty.  As punishment, he lost 300 days of gain time.

## II

With exceptions not relevant here, *Heck* and its progeny prevent a state prisoner from pursuing a §1983 action that, if successful, would necessarily imply the invalidity of a disciplinary conviction resulting in the loss of gain time.  *See Edwards v. Balisok*, 520 U.S. 641, 648-49, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  Any challenge to such a conviction must, instead, be brought by a petition for a writ of habeas corpus.

In determining whether a § 1983 claim is *Heck*-barred, a court must consider whether the plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction.  *See id.* at 646-48; *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003); *Christy v. Sheriff of Palm Beach County, Fla.*, 288 F. App'x 658, 666 (11th Cir. 2008); *Baxter v. Crawford*, 233 F. App'x 912, 915-16 (11th Cir. 2007); *Vickers v. Donahue*, 137 F. App'x 285, 289-90 (11th Cir. 2005). If the factual basis of the plaintiff's civil case is "inconsistent with [his] conviction's having been valid, *Heck* kicks in and bars his civil suit."  *Okoro*, 324 F.3d at 490; *see also Robinson v. Doe*, 272 F.3d 921, 923 (7th Cir. 2001) (indicating that a plaintiff "can't base a civil case on evidence that if true shows he

was wrongly convicted; that is an impermissible end run around the conviction"); *Christy*, 288 F. App'x at 666; *Vickers*, 137 F. App'x at 290.

It of course is possible for an excessive-force action and a battery conviction to coexist without running afoul of *Heck*. When, for example, a plaintiff admits that he hit a law enforcement officer but asserts that the officer responded with excessive force, there is no *Heck* problem—a finding that the officer employed excessive force would not impugn the plaintiff's battery conviction. *See Dyer v. Lee*, 488 F.3d 876, 882-84 (11th Cir. 2007); *Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996) (per curiam). But when the theory of the plaintiff's excessive-force case is that he never hit the officer and that the officer attacked him without provocation, the plaintiff, in effect, is mounting a collateral attack on his battery conviction, which *Heck* does not allow. *See McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006), *cited in Dyer*, 488 F.3d at 884 n.9.

Here, Mr. Harvey could have alleged that, although he did hit officer Teal, he was a victim of excessive force nonetheless. But he chose not to. The theory of Mr. Harvey's excessive-force claim, instead, is that he never hit Officer Teal—that Officer Teal attacked him without provocation. The prison disciplinary board of course found otherwise and convicted Mr. Harvey of aggravated battery. Because Mr. Harvey's assertion that he never hit Officer Teal, if proven, would imply the invalidity of his conviction, *Heck* bars his claims. *See Wooten v. Law*, 118 F. App'x

66, 68-69 (7th Cir. 2004) (dismissing an excessive-force case where the plaintiff alleged he never hit the defendant; that allegation, if proven, would show that the plaintiff was erroneously disciplined for assault); *see also Hayward v. Kile*, No. 607CV068, 2009 WL 2045923, at *1 (S.D. Ga. July 13, 2009) (dismissing an excessive-force claim where the plaintiff "voluntarily steered [his case] into *Heck* territory by making specific factual allegations in the complaint that were inconsistent with the facts upon which his criminal conviction [for obstructing a police officer] was based") (internal quotation marks omitted); *Cage v. Tuttle*, No. 08-13731, 2009 WL 2252071, at *2 (E.D. Mich. July 28, 2009) (same).

Accordingly, this case must be dismissed under *Heck*. The dismissal is properly *without* prejudice, because the plaintiff could file a new action in appropriate circumstances—if, for example, his battery conviction were overturned. *See, e.g.*, *Anderson v. United States*, 96 F. App'x 723, 724 (D.C. Cir. 2004).

For these reasons,

IT IS ORDERED:

1. The clerk must enter judgment stating, "This case is dismissed without prejudice."

2. The clerk must close the file.

SO ORDERED on January 31, 2010.

s/Robert L. Hinkle_____
United States District Judge